Opinion delivered May 11, 1889.

---

No. 6279.

S. R. WILSON v. THE STATE.

THEFT—FACT CASE—CHARGE OF THE COURT.—See the statement of the case for evidence *held* insufficient to support a conviction for theft, because insufficient to establish a fraudulent taking of the property; and note the same for a requested instruction to the jury, the refusal of which, under the evidence adduced, was error.

APPEAL from the District Court of Llano. Tried below before the Hon. A. W. Moursund.

The indictment charged the appellant with the theft of rails of the value of five dollars, and lumber of the value of eighteen dollars. The conviction was for theft of the rails, and the penalty assessed against the appellant was a fine of twenty dollars and confinement in the county jail for twenty-four hours.

William McMichael was the first witness for the State. He testified that, during the year 1887, he lived on the premises known as the Conner place, in Llano county, which he rented

from John C. Oatman.   Defendant occupied that place during the year 1886.   Some time in November, 1887, the witness missed a number of fence rails from the cow pen at the said Conner place.   The large majority of those rails were old and rotten, but among them were about seventy sound rails, worth about seventy cents.   Witness did not see the rails taken, and did not know who took them.   He did not miss the rails until, suffering loss from the depredations of hogs on his potato crop, he hunted for the place in the fence through which the hogs got into the field.   The rails removed from the cow pen formed that part of the pen that connected with the field.   The said cow pen had been at that place a long time prior to 1886.   The witness knew nothing about defendant repairing the said cow pen in 1886.

M. T. Dixon testified, for the State, that, in September, 1887, he saw Simon Elliott and a boy hauling away from the Conner place some rails, a door and about two hundred and fifty feet of lumber, which lumber, he thought, was worth about ten dollars.

Dan Johnson testified, for the State, that he and Simon Elliott, some time in December, 1887, took a load of lumber from an old house on the Conner place to the defendant's place, and piled it near a haystack with other old lumber.   Defendant was not at home at that time, and said nothing then, nor at any other time, to witness about hauling said lumber to his place. Witness was then in the employ of the defendant, but did any work required of him by Simon Elliott.   About a month before hauling the said lumber, the witness and said Elliott hauled about one hundred and twenty rails from the cow pen on the Conner place to defendant's place.   Defendant was present when the rails were taken, and helped load the same on the wagon.   At this point the State announced that it would limit the prosecution to the charge of stealing the rails only.

Powell Reeves testified, for the State, that in November, 1887, he assisted Simon Elliott and Dan Johnson to haul some old rails from an old cow pen on the Conner place to the place of the defendant.   Not more than sixty of the rails were sound. The others were rotten, and were taken to be used as firewood. Defendant was present and put a few of the rails on the wagon, and told witness, Elliott and Johnson, when they had loaded enough.   In the year 1886, the witness helped other parties haul about two hundred and fifty rails from the defendant's home

place to the Conner place, then occupied by defendant, which said rails were used by defendant in repairing the said old cow pen on the Conner place.

John Warden testified, for the State, that, in the fall of 1887, he saw some parties hauling some old rails away from the old cow pen on the Conner place. Defendant was present, and the parties loading the rails on the wagon were in the employ of the defendant. The State closed.

Tom Williamson was the first witness introduced by the defense. He testified that he was a tenant of the defendant on the Conner place in 1886. The cow pen attached to that part of the Conner place occupied by defendant was in a dilapidated condition, and he, Simon Elliott and Powell Reeves, hauled about two hundred and fifty rails from the defendant's home place, which said rails belonged to defendant. Those rails were used to repair the said cow pen.

Simon Elliott testified, for the defense, that he lived now and for several years had lived with the defendant. Defendant had the Conner place leased in 1886, on which place Tom Williamson, then in defendant's employ, lived. The old cow pen on the place was in a very dilapidated condition, and to repair the same for use the witness, Reeves and Williamson hauled about two hundred and fifty rails from defendant's home place to the said pen. About one hundred and fifty of those rails were used to repair the cow pen. When moving the defendant's pasture fence to join to the Conner field fence in the fall of 1887, the witness and others hauled about one hundred and twenty-five or thirty rails from the said cow pen. They did not get as many as were put on the cow pen. While the said rails were being hauled on the wagon, defendant rode up and said that enough rails had been taken.

John C. Oatman testified that, as agent, he rented the Conner place to defendant in 1886. Defendant's lease expired December 31, 1886, when McMichael rented the place and went into, and still was in possession of it. Witness did not authorize defendant to remove any rails from the old cow pen on the said place.

The requested charge, refused by the court and referred to in the headnote and opinion, reads as follows: "The defendant requests the court to charge the jury that rails placed on land and in a fence, if put there for a temporary purpose, remain the property of the person placing them there, and he can take

them away at his pleasure. In this case, if you believe from the evidence that the rails were originally Wilson's and that defendant, S. R. Wilson, or his workmen, placed the rails alleged in the indictment to have been stolen, on the place from which they were removed, for a temporary purpose, the said rails remained the property of Wilson, and it would not be theft for him to take them away; and if you so believe you will acquit defendant."

No brief for appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WILLSON, JUDGE. There is not sufficient evidence in the record that the defendant took the rails with fraudulent intent. He took them openly, in the day time, in the presence of witnesses, and made no effort to conceal the taking. There is evidence tending to show that the rails taken belonged to him, or that he believed they belonged to him, and a special charge presenting this phase of the case was requested by the defendant and refused by the court, and the defendant excepted and reserved his bill. We think the charge should have been given, because it is a part of the law of the case, and was not embraced in the charge given to the jury.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*